Appeal No. 21-20404

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

DEREK ALLEN; LEANDRE BISHOP; JOHN BURNS,

Plaintiffs-Appellants,

v.

VERTAFORE, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
Case No. 20-cv-04139
The Honorable George C. Hanks

BRIEF OF PLAINTIFFS-APPELLANTS

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com

*Counsel for Plaintiffs-Appellants*
(additional counsel listed on signature page)

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

1. **Plaintiffs-Appellants**:

   Derek Allen, Leandre Bishop, and John Burns

2. **Members of Plaintiffs' alleged putative class**

3. **Defendants-Appellees**:

   Vertafore, Inc.

4. **Vertafore, Inc.'s Parent Company**: Roper Technologies, Inc.

5. **Counsel for Plaintiffs-Appellants**:

   Ben Barnow of Barnow and Associates, P.C.; Benjamin F. Johns, Samantha E. Holbrook, and Alex M. Kashurba of Chimicles Schwartz Kriner & Donaldson-Smith LLP; Cory S. Fein of Cory Fein Law Firm

6. **Counsel for Defendants-Appellees**:

   Damond R. Mace, Rafael M. Langer-Osuna, Amanda Dodds Price, Kristin L. Bryan, and Marissa Black of Squire Patton Boggs LLP

   */s/ Ben Barnow*
   Ben Barnow, *Attorney of Record for Plaintiffs-Appellants*

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs-Appellants Derek Allen, Leandre Bishop, and John Burns ("Appellants") request oral argument, as they believe it could significantly aid the decisional process in this case. This appeal presents a question of overriding importance: does the Driver's Privacy Protection Act prohibit the disclosure of personal information obtained from state departments of motor vehicles to the public at large by posting the records to an unsecured server? The issues presented in this appeal necessitate complex applications of the Driver's Privacy Protection Act that will be broadly applicable in other cases. For these reasons, oral argument is warranted.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.......................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF CONTENTS ...................................................................... iii

TABLE OF AUTHORITIES.......................................................................iv

JURISDICTIONAL STATEMENT ..........................................................1

ISSUES PRESENTED ..........................................................................2

STATEMENT OF THE CASE ................................................................3

SUMMARY OF THE ARGUMENT .......................................................4

ARGUMENT .......................................................................................5

    I.    Standard of Review .....................................................................5

    II.    Motion to Dismiss Legal Standard.............................................5

    III.    DPPA Background and Cause of Action .................................6

    IV.    Vertafore Knowingly Disclosed Appellants' and Class Members' Personal Information....................................................................7

    V.    A Violation of the DPPA Does Not Require Knowledge of Illegality ..................................................................................13

    VI.    Vertafore's Disclosure Was Not for a Permissible Purpose Enumerated by the DPPA .......................................................16

CONCLUSION ...................................................................................19

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................5

*Baker v. Putnal*,
  75 F.3d 190 (5th Cir. 1996) .................................................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................5

*Bosarge v. Miss. Bureau of Narcotics*,
  796 F.3d 435 (5th Cir. 2015) ..........................................10, 11

*Gordon v. Softech Int'l Inc.*,
  2011 U.S. Dist. LEXIS 46992 (S.D.N.Y. Apr. 28, 2011) ..............12, 18

*Gordon v. Softech Int'l, Inc.*,
  726 F.3d 42 (2d Cir. 2013) ...................................................16

*Dahlstrom v. Sun-Times Media, LLC*,
  346 F. Supp. 3d 1162 (N.D. Ill. 2018)...................................14

*Enslin v. Coca-Cola Co.*,
  136 F. Supp. 3d 654 (E.D. Pa. 2015)...............................12, 13

*Lake v. Neal*,
  585 F.3d 1059 (7th Cir. 2009) ................................................6

*Lone Star Fund V (US), LP v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ..........................................10, 11

*Lowrey v. Tex. A & M Univ. Sys.*,
  117 F.3d 242 (5th Cir. 1997) ...............................................5, 6

*Maracich v. Spears*,
  570 U.S. 48 (2013) .................................................................18

*Mediacom Southeast LLC v. BellSouth Telcoms., Inc.*,
    672 F.3d 396 (6th Cir. 2012) ...................................................................10

*N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*,
    163 F.3d 449 (7th Cir. 1998) ..................................................................10

*Pichler v. Unite*,
    542 F.3d 380 (3d Cir. 2008) ........................................8, 9, 14, 15, 17

*Ruiz v. Brennan*,
    851 F.3d 464 (5th Cir. 2017) .....................................................................5

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) ...................................................................................15

*Scanlan v. Tex. A&M Univ.*,
    343 F.3d 533 (5th Cir. 2003) ...................................................................11

*Senne v. Vill. of Palatine*,
    695 F.3d 597 (7th Cir. 2012) ...........................................................*passim*

*Sistrunk v. TitleMax, Inc.*,
    2017 U.S. Dist. LEXIS 131241 (W.D. Tex. Aug. 17, 2017).........................14, 15

*Taylor v. Acxiom Corp.*,
    612 F.3d 325 (5th Cir. 2010) .............................................................7, 16

*Welch v. Theodorides-Bustle*,
    677 F. Supp. 2d 1283 (N.D. Fla. 2010) ...................................................18

*Wiles v. Sw. Bell Tel. Co.*,
    2010 U.S. Dist. LEXIS 36364 (W.D. Mo. Apr. 13, 2010)...................................18

*Wiles v. Worldwide Info., Inc.*,
    809 F. Supp. 2d 1059 (W.D. Mo. 2011).....................................................14

<u>Statutes</u>

18 U.S.C. § 2721, *et seq.* ...................................................................*passim*

# JURISDICTIONAL STATEMENT

The district court had jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises under statutes of the United States, specifically the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq*.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because it is an appeal of a final judgment. ROA.303. Appellants timely appealed by filing their notice of appeal within 30 days of the district court's judgment of July 26, 2021. ROA.304–306.

# ISSUES PRESENTED

1. **Appellants properly state a claim under the Driver's Privacy Protection Act**

   a. Whether the district court erred in holding that Appellants failed to adequately allege that Appellee Vertafore, Inc. ("Vertafore") knowingly disclosed Appellants' and Class Members' Driver's License Information.

   b. Whether the district court erred in holding that claims under the Driver's Privacy Protection Act require a showing of knowledge of impermissibility.

   c. Whether the district court erred in holding that Appellants failed to adequately allege that Vertafore disclosed Appellants' and Class Members' Driver's License Information for a purpose not permitted under the Driver's Privacy Protection Act.

## STATEMENT OF THE CASE

Appellants are residents of Texas whose personal information was improperly disclosed. ROA.13. Between March 11, 2020 and August 1, 2020, Vertafore knowingly disclosed Appellants' and approximately 27.7 million other individuals' ("Class Members") personal information by placing the information on an unsecured external storage service. ROA.14. The information that was stored on the server included Texas driver's license numbers, names, birth dates, addresses, and vehicle registration history (collectively "Driver's License Information"). *Id.* The servers, consistent with the way they were programmed, then transferred Appellants' and Class Members' Driver's License Information to unknown, unauthorized third parties. ROA.18. Vertafore eventually sent a notice to Appellants and Class Members, notifying them that their information had been disclosed to third parties. ROA.14.

Appellants then brought this lawsuit against Vertafore, alleging that the disclosure of their information was a violation of the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721, *et seq.* (the "DPPA"). ROA.17–18. Appellants alleged that Vertafore knowingly disclosed their Driver's License Information by storing it on an unsecured server for a purpose other than the purposes permitted by the DPPA. *Id.* Appellants further alleged that they were entitled to damages because of the violation of the DPPA. *Id.*

On January 9, 2021, Vertafore brought a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. ROA.83–115. Appellants responded to the Motion to Dismiss on February 19, 2021. ROA.118–142. Magistrate Judge Andrew M. Edison submitted a Memorandum and Recommendation on June 14, 2021, correctly finding that Appellants had established standing, but granting Vertafore's Motion to Dismiss under Rule 12(b)(6) (the "Order"). ROA.233–240. Appellants submitted objections to the Order on July 16, 2021. ROA.267–279. On July 23, 2021, Judge Hanks approved and adopted the Order, granted Vertafore's Motion to Dismiss, and entered a final judgment.[1] ROA.301–303. This appeal timely followed.

## SUMMARY OF THE ARGUMENT

Appellants adequately allege that Vertafore knowingly disclosed their Driver's License Information for a purpose other than any of the permitted purposes enumerated by the DPPA. The district court erred by misconstruing Appellants' factual allegations, incorrectly applying the DPPA, failing to accept all well-pleaded

---

[1] Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation also requested an opportunity to amend their pleadings, if the district court was not inclined to overrule the recommendation. ROA.271. In dismissing the case, the district court made no mention of this request and engaged in no analysis as to whether an amendment would be futile. *See* Fed. R. Civ. Pro. 15(a)(2) ("The court should freely give leave when justice so requires.").

facts as true, and failing to make reasonable inferences in favor of Appellants. The district court's order and judgment should be reversed.

## ARGUMENT

### I. Standard of Review

The standard of review for a motion to dismiss for failure to state a claim is *de novo*. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

### II. Motion to Dismiss Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007) (internal quotations omitted). A complaint being challenged by a Rule 12(b)(6) motion "does not need detailed factual allegations," but "requires more than labels and conclusions." *Id.* Additionally, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Ultimately, "[t]he question therefore is

whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey*, 117 F.3d at 247 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969)).

## III.    DPPA Background and Cause of Action

The DPPA was enacted in 1994 "in response to safety and privacy concerns stemming from the ready availability of personal information contained in state motor vehicle records." *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). *See also Senne v. Vill. of Palatine*, 695 F.3d 597, 607 (7th Cir. 2012) ("[I]t is clear that safety and security concerns associated with excessive disclosures of personal information held by the State in motor vehicle records were the primary issue to be remedied by the [DPPA]"). The Act was passed in the backdrop of the murder of actress Rebecca Schaeffer, whose murderer "obtained her unlisted address through the California DMV." *Senne*, 695 F.3d 597 at 607. Additional concerns were raised when witnesses testified in hearings before Congress regarding the privacy of Department of Motor Vehicle information of domestic violence victims and law enforcement officers, among other safety concerns surrounding driver information. *Id*. The DPPA addresses these concerns by limiting the disclosure of this personal information to purposes that are explicitly referenced in § 2721(b) of the statute.

The DPPA provides citizens with a right of action in the event that their private information is knowingly obtained, disclosed, or used in a manner other than for the enumerated permissible purposes. The DPPA states, "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter [18 USCS §§ 2721 *et seq.*] shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court." 18 U.S.C. § 2724(a). Courts have devised a three-part test in line with the statute: "(1) the defendant knowingly obtains, discloses or uses personal information; (2) from a motor vehicle record; and (3) for a purpose not permitted." *Taylor v. Acxiom Corp.*, 612 F.3d 325, 335 (5th Cir. 2010). The DPPA defines personal information as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(2).

## IV.    Vertafore Knowingly Disclosed Appellants' and Class Members' Personal Information

The first element that a plaintiff must allege in a DPPA cause of action is that a party knowingly obtained, disclosed, or used the plaintiff's personal information. 18 U.S.C. § 2724(a); *See also Taylor*, 612 F.3d at 335. A knowing disclosure under the DPPA requires "voluntary action." *Senne,* 695 F.3d at 603; *see also Pichler v.*

*Unite*, 542 F.3d 380, 396–397 (3d Cir. 2008). Based on the text of the statute, the Seventh Circuit has read the meaning of "disclose" to be broad under the DPPA. *Id*. Appellants allege that Vertafore "knowingly disclosed" Appellants' and Class Members' information "by storing that information on unsecured external servers." ROA.17–18.

Vertafore's storage of Appellants' and Class Members' personal information on an unsecured server was a knowing disclosure under the DPPA. Vertafore's disclosure of Appellants' and Class Members' information is akin to the disclosure of personal information in *Senne*. In *Senne*, a police officer left a ticket containing the plaintiff's personal information on the windshield of the plaintiff's car on the side of the road. *Senne*, 695 F.3d at 600. The Seventh Circuit held that this placement of the ticket on the windshield is a knowing disclosure under the DPPA because a publication of information is a disclosure, rejecting arguments by the defendant that it could not be a knowing disclosure because the plaintiff did not prove that anyone else read the information. *Id* at 603. Here, as alleged in Appellants' complaint, unlike in *Senne*, Vertafore admits that an unauthorized user gained access to the unsecured server. *See* ROA.14. The occurrence of a disclosure is not disputed.

Nor does it make any difference whether Vertafore intended unauthorized recipients to access the information. The Seventh Circuit also rejected the *Senne* defendant's argument that there could be no disclosure because the officer did not

intend for others to access the information, stating the argument that for there to be a disclosure "there must be an intended recipient" was an "erroneous notion." *Id*. This is because of the plain meaning of the term "disclose." Merriam-Webster's dictionary defines "disclose" as "to make known or public," "to expose to view," or, alternatively, "to open up."[2] None of these definitions requires an identified intended recipient. Instead, disclosure is the act of exposure. Whether or not Vertafore meant for identifiable third parties to access the information is not relevant. All that is required for a knowing disclosure is a voluntary action. *See Senne*, 695 F.3d at 600; *Pichler*, 542 F.3d at 396–397. Vertafore voluntarily stored Appellants' and Class Members' information on an unsecured server that was accessible to anyone. Vertafore's conduct constitutes a knowing disclosure under the DPPA.

Appellants did not allege that the storage of Appellants' and Class Members' information on the server was inadvertent. The only portion of the Complaint containing the word "inadvertent" is a single paragraph quoting Vertafore's notice and prefacing it with "Vertafore's notice provided:" ROA.14. What Appellants pleaded and what must be accepted as true in consideration of a motion to dismiss is that Vertafore's notice said this—not that each and every self-serving statement contained in Vertafore's notice is true. *See Bosarge v. Miss. Bureau of Narcotics*,

---

[2]    Merriam-Webster, Disclose, *Merriam-Webster.com dictionary*, available online at https://www.merriam-webster.com/dictionary/disclose (last accessed September 27, 2021)

796 F.3d 435, 441 (5th Cir. 2015) ("Accepting the Defendant-agents' unilateral statements as true would deprive Bosarge of the presumption of truth to which he is entitled at this stage of the litigation."); *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455-56 (7th Cir. 1998) (noting that while a "blanket adoption rule makes sense in the context of an attached contract" or other binding agreement, it "would be contrary to the concept of notice pleading" to apply such a rule "in the case of letters written by the opposition for what could be self-serving purposes"); *Mediacom Southeast LLC v. BellSouth Telcoms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) (court could not refer to the settlement agreement even though it was referred to in the complaint because the parties disputed the "factual contents" of the settlement agreement and "[i]t would seem improper for the district court to credit the factual recitations in the agreement—a self-serving document drafted by the defendant . . . and to thus reject the well-pleaded facts in the complaint").

Despite this, the district court erroneously held, "[T]he Press Release on which Plaintiffs exclusively base their claim, outright states that the affected data files had been 'inadvertently stored in the unsecured external storage service…'" ROA.239. The district court cites *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) to support consideration of Vertafore's press release, stating that the press release was "central to Plaintiffs' claim, Plaintiffs specifically reference the Press Release in the Complaint, and Vertafore attached the Press

Release to its motion to dismiss." *Id*. Various cases in the Fifth Circuit demonstrate why the press release should not have been considered. In *Bosarge*, the plaintiff's complaint referenced affidavits containing statements by the defendants in the case. 796 F.3d at 440. This Court held that the affidavits could be "considered as an aid to evaluating the pleadings," but "they should not control to the extent that they conflict with [plaintiff's] allegations." *Id. See also Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003) (stating "[e]ven if the Final Report fell under the *Collins* exception, the district court failed to construe the plaintiffs' factual allegations in the light most favorable to the plaintiffs).

Appellants' mention of Vertafore's press release for other purposes does not mean that a court should read the self-serving press release as true when deciding on a motion to dismiss. Appellants' allegations in their Complaint are directly contrary to that statement from the press release. Appellants pleaded, "Vertafore knowingly disclosed the Driver's License Information of Plaintiffs and approximately 27.7 million other Class Members by storing that information on unsecured servers." ROA.17–18. The district court erred in using Vertafore's statement that it "inadvertently" placed Appellants' and Class Members' information on unsecured servers, as Appellants' fact-based allegations are contrary to that self-serving statement. The district court failed to analyze the facts in the light most favorable to Appellants in its analysis of Vertafore's knowing disclosure.

The mental state of Vertafore in disclosing the information is not an issue that should be analyzed with depth at the motion to dismiss stage. "In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Also, the court may not look beyond the pleadings in ruling on the motion." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992)). Analysis regarding Vertafore's mental state would require consideration of facts outside of the pleadings. *See Gordon v. Softech Int'l Inc.*, 2011 U.S. Dist. LEXIS 46992, at *7 (S.D.N.Y. Apr. 28, 2011) (denying defendant's argument that it did not knowingly disclose the plaintiff's personal information because it would "turn on facts outside the Complaint"). Here, Appellants' allegations in the Complaint regarding Vertafore's knowing disclosure are sufficient at the motion to dismiss stage. Any contention of the disclosure being "inadvertent" is contrary to what Appellants pleaded. Accepting Vertafore's self-serving statement as true or delving into a deeper analysis of the facts is improper at this stage of the litigation.

*Enslin v. Coca-Cola* is readily distinguishable from this case. In *Enslin*, a thief stole 55 laptops which contained the personal information of employees that were stored in the defendant's place of business. *Enslin v. Coca-Cola Co.*, 136 F. Supp. 3d 654, 659 (E.D. Pa. 2015). That court held that the *Enslin* plaintiff could not

establish that the *Enslin* defendant knowingly disclosed the information because the information was "not displayed to the public, but kept within the company and its subsidiaries on unsecured laptops." *Id* at 671. The disclosure in the current case is entirely different. Vertafore did not maintain control over the personal information when it stored the information on the external storage service exposed to the public view. Thieves did not remove laptops, or even just electronic files, from a Vertafore facility. Instead, Vertafore knowingly placed the information onto a server that was readily accessible to the public. Vertafore's disclosure is more factually similar to the placing of tickets on a windshield for all to see, as in *Senne*, than the theft of laptops in *Enslin*.

## V.     A Violation of the DPPA Does Not Require Knowledge of Illegality

Appellants alleged that Vertafore knowingly disclosed their information by storing the information on an unsecured server that unauthorized third parties were able to access. ROA.17–18. The district court found that Appellants did not assert "any factual allegation describing how this purported mismanagement of information amounts to a knowing disclosure of personal information for an improper purpose." ROA.238. The district court conflated two separate elements for a claim under the DPPA. Appellants do not need to allege that Vertafore knew its disclosure was impermissible.

The Fifth Circuit has not yet provided guidance on whether a violation of the DPPA requires knowledge that the obtainment, disclosure, or use of personal information is for an impermissible purpose. However, other U.S. Circuit Courts of Appeals, and many U.S. District Courts, have held that there does not need to be a showing of knowledge of the illegality of the obtainment, disclosure, or use. *See, e.g., Senne*, 695 F.3d at 603; *Pichler*, 542 F.3d at 396–397; *Dahlstrom v. Sun-Times Media, LLC*, 346 F. Supp. 3d 1162, 1170 (N.D. Ill. 2018); *Wiles v. Worldwide Info., Inc.*, 809 F. Supp. 2d 1059, 1080 (W.D. Mo. 2011); *Sistrunk v. TitleMax, Inc.*, No. 5:14-CV-628-RP, 2017 U.S. Dist. LEXIS 131241, at *31 (W.D. Tex. Aug. 17, 2017) (subsequently vacated as part of a settlement). This reading is squarely in line with the text and the structure of the DPPA.

The plain language of the DPPA does not permit a reading that "knowingly" applies to the permissible use clause. The relevant portion of the DPPA provides, "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter [18 USCS §§ 2721 *et seq*.] shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court." 18 U.S.C. § 2724(a). The adverb "knowingly" only modifies the first clause, "obtains, discloses, or uses," and not the third clause, "for a purpose not permitted under this chapter." *See id*. As a result, "[v]oluntary action, not knowledge of illegality or potential consequences,

is sufficient to satisfy the *mens rea* element of the DPPA." *Senne*, 695 F.3d at 603 (citations and quotations omitted). The district court's reading is contrary to the plain meaning of the statute and places a greater burden on plaintiffs than Congress intended under the DPPA.

The structure of the statute further demonstrates that applying the "knowingly" requirement to the third clause is untenable. The DPPA provides a remedy of punitive damages if there is "proof of willful or reckless disregard of the law." 18 U.S.C. § 2724(b)(2). As the Second Circuit notes, applying the district court's reading would make "every single violation one for which punitive damages would apply" because every violation would have to include a willful or reckless disregard of the law. *Pichler*, 542 F.3d at 397. This is because knowing violations are a "more serious" subcategory of willful violations than "reckless disregard of the law" violations. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 59 (2007). Applying the knowing requirement to the "for a purpose not permitted under this chapter" clause is incompatible with the plain text and the structure of the DPPA. The Western District of Texas came to the same conclusion in rejecting the double-knowledge argument in *Sistrunk v. Titlemax, Inc.*, reasoning that "[i]t would make little sense to make punitive damages available only if the plaintiff establishes less culpable conduct than is necessary to create liability in the first instance." 2017 U.S. Dist. LEXIS 131241, at *32.

## VI. Vertafore's Disclosure Was Not for a Permissible Purpose Enumerated by the DPPA

Disclosure of information to the public at large is not a permissible use under the DPPA. The DPPA lists 14 specific permissible uses for which personal driver information can be used. 18 U.S.C. § 2721(b). Disclosing driver information to unauthorized individuals is not one of them. "The default rule under the DPPA is non-disclosure." *Gordon v. Softech Int'l, Inc.*, 726 F.3d 42, 53 (2d Cir. 2013). A showing that the obtainment, disclosure, or use was "not for a purpose enumerated under § 2721(b)" satisfies this element of the DPPA cause of action. *Taylor*, 612 F.3d at 335. Vertafore's disclosure of this information on an unsecured server that was accessed by an unknown third party is not a permitted use under § 2721(b).

Here, the district court made two errors. First, it seemingly misread the DPPA to require Appellants to show that Vertafore had a specific improper purpose for the disclosure. *See, e.g.,* ROA.238 ("I see no factual allegation explaining the improper purpose of the purported impermissible disclosure."). In reality, the plain text of the DPPA prohibits all disclosures unless the party had one of 14 enumerated proper purposes. Second, the district court conflated Vertafore's purpose for obtaining the information with its purpose for disclosing the information. The fact that Vertafore originally obtained the information lawfully does not mean that its subsequent disclosure of the information was lawful.

Vertafore's reasoning for obtaining the driver's information in the first place is not what is at issue in this lawsuit. The district court's Order states, "[t]hus, Vertafore's purpose of managing the affected files is a covered permissible use under 18 U.S.C. § 2721(b)(6)." ROA.239. Appellants do not dispute that Vertafore's reason for obtaining the information was for a permissible use under § 2721(b)(6), which permits "use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting." 18 U.S.C. § 2721(b)(6). Instead, Appellants challenge Vertafore's subsequent improper disclosure of the information. "The [DPPA] contains no language that would excuse an impermissible use merely because it was executed in conjunction with a permissible purpose." *Pichler*, 542 F.3d at 395 (citations omitted). Appellants allege that "[i]n response to the commands of unauthorized individuals and consistent with the manner in which they were programmed and configured by Vertafore, the unsecure servers disclosed Plaintiffs' and Class Members' Driver's License Information to the unauthorized individuals." ROA.18. Vertafore's original permissible use does not excuse its subsequent disclosure that was not for a permissible purpose.

Appellants sufficiently pleaded that the disclosure was not for a permissible purpose. As one court stated, "it is hard to plead a negative with great specificity;

that there was no permissible purpose for the disclosure is about as precise as one could be . . . In this context, alleging specifically that there was a disclosure, and alleging generally that there was no proper purpose for the disclosure, is enough." *Welch v. Theodorides-Bustle*, 677 F. Supp. 2d 1283, 1287 (N.D. Fla. 2010); *See also Gordon*, 2011 U.S. Dist. LEXIS 46992 at *5 ("Alleging specifically that there was a DPPA disclosure, and alleging that there was no proper purpose for the disclosure, *i.e.*, that the use was not permissible, is enough to state a DPPA claim and to survive a Fed. R. Civ. P. 12(b)(6) motion"); *Wiles v. Sw. Bell Tel. Co.*, No. 09-4236-CV-C-NKL, 2010 U.S. Dist. LEXIS 36364, at *10–11 (W.D. Mo. Apr. 13, 2010) (stating "the Court cannot require more than what Plaintiffs have provided at this stage of litigation" where plaintiffs alleged that defendant obtained, disclosed, and used their information for an impermissible purpose).

Appellants provided sufficient factual allegations to plead a DPPA claim. Appellants pleaded that Vertafore disclosed the information by placing it on an unsecured server and that server was accessed by unauthorized individuals. Disclosure of personal information to unknown, unauthorized individuals is certainly not an enumerated permissible purpose under the DPPA. The U.S. Supreme Court held that the permissible purposes in the DPPA are meant to be read narrowly because they are exceptions to the "general statement of policy." *Maracich v. Spears*, 570 U.S. 48, 60 (2013). None of the 14 exceptions listed in § 2721(b), even

read in the broadest terms possible, can be construed to allow for the indiscriminate disclosure of information to a third party.

## CONCLUSION

For the reasons set forth above, the final order and judgment of the district court should be reversed.

Dated: September 29, 2021    Respectfully submitted,

/s/ Ben Barnow
Ben Barnow
BARNOW AND ASSOCIATES, P.C.
205 W. Randolph Street, Suite 1630
Chicago, Illinois 60606
Tel: (312) 621-2000
b.barnow@barnowlaw.com

Benjamin F. Johns
Samantha E. Holbrook
Alex M. Kashurba
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
One Haverford Center
361 Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
bfj@chimicles.com
seh@chimicles.com
amk@chimicles.com

Cory S. Fein
CORY FEIN LAW FIRM
712 Main Street, Suite 800
Houston, TX 77002
Tel: (281) 254-7717
cory@coryfeinlaw.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I certify that on September 29, 2021, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States Circuit Court for the Fifth Circuit's Procedures for Electronic Filing.

*/s/ Ben Barnow*

Ben Barnow

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,096 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Ben Barnow*
Ben Barnow