# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔒𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
## FOR THE FIFTH CIRCUIT

DEREK ALLEN, LEANDRE BISHOP, AND JOHN BURNS,

*Plaintiffs-Appellants*

v.

VERTAFORE, INC.

*Defendant-Appellee*

**On Appeal from the United States District Court
for the Southern District of Texas, Case No. 4:20-CV-4139**

## Brief of Defendant-Appellee Vertafore, Inc.

Rafael M. Langer-Osuna
275 Battery Street, Suite 2600
San Francisco, California 94111
Tel.: +1 415 954 0200
Fax: +1 415 393 9887
rafael.langerosuna@squirepb.com

Amanda Dodds Price
6200 Chase Tower 600 Travis Street
Houston, Texas 77002
Tel.: +1 713 546 5850
Fax: +1 713 546 5830
amanda.price@squirepb.com

Damond R. Mace, Lead Counsel
Kristin L. Bryan
Marissa Black
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Tel.: +1 216 479 8500
Fax: +1 216 479 8780
damond.mace@squirepb.com
kristin.bryan@squirepb.com
marissa.black@squirepb.com

*Counsel for Defendant-Appellee Vertafore, Inc.*

# CERTIFICATE OF INTERESTED PERSONS

The docket number is 21-20404. The style of this case is *Allen, et al. v. Vertafore, Inc.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Defendant Vertafore, Inc.

2. Roper Technologies, Inc., Defendant Vertafore, Inc.'s parent company.

3. Plaintiffs Derek Allen, Leandre Bishop, and John Burns.

4. Members of Plaintiffs' alleged putative class.

5. Plaintiffs' Counsel: Cory Fein and Cory Fein Law Firm; Ben Barnow and Barnow and Associates, P.C.; and Benjamin F. Johns, Samantha E. Holbrook, Alex M. Kashurba, and Chimicles Schwartz Kriner & Donaldson-Smith LLP.

> */s/ Damond R. Mace*
> Damond R. Mace
>
> Attorney of Record for Defendant
> Vertafore, Inc.

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee Vertafore, Inc. ("Vertafore") respectfully submits that the district court correctly dismissed this case, which is clear from the record, and therefore the lower court's ruling may be affirmed on the briefs alone. If, however, this Court decides that oral argument would be helpful in informing its assessment of this appeal, Vertafore's counsel will gladly participate.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF CONTENTS ...................................................................................... ii

TABLE OF AUTHORITIES ............................................................................... iv

ISSUES PRESENTED FOR REVIEW .................................................................1

I.     INTRODUCTION ...................................................................................2

II.    STATEMENT OF THE CASE ................................................................4

       A.    The Driver's Privacy Protection Act....................................................4

       B.    Factual Background..............................................................................6

       C.    Procedural History...............................................................................8

III.   SUMMARY OF THE ARGUMENT ......................................................11

IV.    ARGUMENT..........................................................................................11

       A.    Standard of Review ...........................................................................11

       B.    The Court Should Affirm Dismissal Because Plaintiffs Failed to
             Allege that Vertafore had an Improper Purpose. ...............................13

       C.    The Court Should Affirm Dismissal for the Independent Reason
             That Plaintiffs Do Not Adequately Allege That Vertafore
             "Knowingly Disclosed" Information Protected Under the
             DPPA...................................................................................................18

       D.    The District Court Appropriately Applied the Standards for a
             Motion to Dismiss. .............................................................................23

V.     CONCLUSION.......................................................................................27

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Arbitrage v. Tchuruk*,
  291 F.3d 336 (5th Cir. 2002) ...........................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................12

*Asociacion Nacional de Pescadores a Pequena Escala o Artesanales
  v. Dow Quimica de Colombia S.A.*,
  988 F.2d 559 (5th Cir. 1993) ...........................................................22

*Bosarge v. Miss. Bureau of Narcotics*,
  796 F.3d 435 (5th Cir. 2015) ...............................................12, 24, 26

*Budri v. FirstFleet Inc.*,
  No. 3:19-cv-0409, 2019 U.S. Dist. LEXIS 188251 (N.D. Tex. Sep.
  20, 2019) ...........................................................................................16

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) .....................................................13, 24

*Dahlstrom v. Sun-Times Media, LLC*,
  346 F. Supp. 3d 1162 (N.D. Ill. 2018) .............................................21

*Enslin v. Coca-Cola Co.*,
  136 F. Supp. 3d 654 (E.D. Pa. 2015).................................................21

*Gordon v. Softech Int'l Inc.*,
  No. 10-cv-5162, 2011 U.S. Dist. LEXIS 46992 (S.D.N.Y. Apr. 28,
  2011) .................................................................................................17

*Gulsvig v. Mille Lacs County*,
  No. 13-cv-1309, 2014 U.S. Dist. LEXIS 43951 (D. Minn. Mar. 31,
  2014) .................................................................................................21

*Johnson v. Affiliated Computer Servs.*,
  No. 10-cv-2333, 2011 U.S. Dist. LEXIS 102128 (N.D. Tex. Sept.
  9, 2011) .............................................................................................25

iv

*Kiminski v. Hunt*,
 No. 13-cv-185, 2013 U.S. Dist. LEXIS 157829 (D. Minn. Sep. 20,
 2013) ................................................................................................17, 20, 21

*Maracich v. Spears*,
 570 U.S. 48 (2013)............................................................................................4

*OOGC Am., L.L.C. v. Chesapeake Expl., L.L.C.*,
 975 F.3d 449 (5th Cir. 2020) ...........................................................................26

*Pichler v. UNITE*,
 542 F.3d 380 (3d Cir. 2008) .......................................................................17, 22

*In re Sec. Litig. Bmc Software*,
 183 F. Supp. 2d 860 (S.D. Tex. 2001).........................................................12, 24

*Senne v. Vill. of Palatine*,
 695 F.3d 597 (7th Cir. 2012) ......................................................................21, 22

*Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*,
 607 F.3d 1029 (5th Cir. 2010) ....................................................................11, 12

*Sistrunk v. TitleMax, Inc.*,
 No. 5:14-cv-628, 2017 U.S. Dist. LEXIS 131241 (W.D. Tex. Aug.
 17, 2017) ........................................................................................................22

*Sistrunk v. TitleMax, Inc.*,
 No. 14-cv-628, 2018 U.S. Dist. LEXIS 64589 (W.D. Tex. Feb. 22,
 2018) ..............................................................................................................22

*Taylor v. Acxiom Corp.*,
 612 F.3d 325 (5th Cir. 2010) ...................................................................*passim*

*Taylor v. Acxiom Corp.*,
 No. 2:07-cv-0001, 2008 U.S. Dist. LEXIS 115940 (E.D. Tex. Sep.
 8, 2009) ..........................................................................................................16

*United States v. Kaluza*,
 780 F.3d 647 (5th Cir. 2015) ...........................................................................20

*Walker v. Beaumont Indep. Sch. Dist.*,
 938 F.3d 724 (5th Cir. 2019) ...........................................................12, 20, 23, 25

*Wiles v. Southwestern Bell Tel. Co.*,
    No. 09-cv-4236, 2010 U.S. Dist. LEXIS 36364 (W.D. Mo. Apr.
    13, 2010) ...........................................................................................................17

**Statutes**

18 U.S.C.
    § 2721 .......................................................................................................*passim*
    § 2723(a) ............................................................................................................20
    § 2724 ....................................................................................................2, 6, 18

26 U.S.C. § 7431(a) ...............................................................................................20

Federal Rule of Civil Procedure 12(b)(6) ........................................................*passim*

**Other Authorities**

45 C.F.R. § 160 *et seq.* ............................................................................................6

<u>**ISSUES PRESENTED FOR REVIEW**</u>

1.      Whether the district court correctly held that Plaintiffs failed to plead that Vertafore, alleged here to be an insurance support organization and therefore expressly permitted to use drivers' license data under 18 U.S.C. § 2721(b)(6), acted with an improper purpose as required to state a claim under the federal Driver's Privacy Protection Act ("DPPA"), thereby justifying dismissal of Plaintiffs' claim?

2.      Whether the district court correctly held that Vertafore's alleged inadvertent and temporary storage of data files on an external storage service failed to meet the "knowing disclosure" element of a DPPA claim, thereby independently justifying dismissal of Plaintiffs' claim?

## I.    <u>INTRODUCTION</u>

When Congress enacted the DPPA in 1994, it struck a careful balance between protecting drivers from violent crimes and abusive marketing practices on one hand, while not suppressing legitimate business uses of motor vehicle records on the other. Defendant Vertafore, Inc., an insurance software company, is expressly permitted under the DPPA to obtain, use, and disclose information from motor vehicle records ("drivers' information").  The critical fact that Vertafore purchased the data at issue here from the state of Texas for one of the expressly permitted purposes (to use in its insurance software business) is not disputed.  Plaintiffs Derek Allen, Leandre Bishop and John Burns (collectively, "Plaintiffs") nevertheless seek billions of dollars in statutory damages based on the bare-bones, conclusory allegation that Vertafore knowingly violated the DPPA—without any supporting factual allegations that meet the essential requirements of  a viable DPPA lawsuit.

This Court, in *Taylor v. Acxiom Corp.*, held that "[t]he DPPA creates liability when three elements are met: (1) the defendant knowingly obtains, discloses[,] or uses personal information; (2) from a motor vehicle record; and (3) for a purpose not permitted."  612 F.3d 325, 335 (5th Cir. 2010) (citing 18 U.S.C. § 2724(a) (providing for a civil action against a "person who knowingly obtains, discloses or uses personal information from a motor vehicle record for a purpose not permitted")).  The lower court made a straightforward application of the DPPA based on this Court's ruling

in *Taylor*. *See id.* Carefully analyzing Plaintiffs' allegations, Magistrate Judge Edison held, consistent with *Taylor* (and in reasoning fully adopted by Judge Hanks), that "I have closely reviewed the Class Action Complaint for specific factual allegations demonstrating or suggesting that Vertafore knowingly disclosed Plaintiffs' personal information for an improper purpose. I see no such facts." ROA.238. The district court dismissed the Complaint under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs failed to plead two essential elements of a DPPA claim: that Vertafore knowingly disclosed drivers' information, and did so for an improper purpose. Either omission was independently fatal.

Plaintiffs improperly seek to convert the DPPA into a data breach statute, or a Health Insurance Portability and Accountability Act of 1996 ("HIPAA")-type statute that regulates how data is stored. It is not. Plaintiffs, however, nevertheless ask the Court to read the DPPA to mean that a company expressly permitted under the DPPA to obtain, use, and disclose drivers' information could have civil liability for the alleged exfiltration of such data by unauthorized third parties based upon how the drivers' information was stored. Moreover, if Plaintiffs' interpretation of the DPPA were adopted, it would have a chilling effect on the fourteen permissible uses of drivers' information that were explicitly authorized by Congress, and which serve legitimate and beneficial public needs. Insurance and insurance support organizations, like Vertafore, as well as private entities acting on behalf of federal,

state and local agencies, and manufacturers and dealers involved with motor vehicle safety, among others, would be subject to catastrophic liability for statutorily liquidated damages arising out of inadvertent data events and data breaches—despite no knowing use or intentional disclosure of driver information for an improper purpose. This was clearly not Congress's intent, as shown by the DPPA's narrow private cause of action and this Court's ruling in *Taylor*, which limited the civil remedy's scope to three required elements. 612 F.3d at 335.

For all these reasons, and because Plaintiffs declined their opportunity to amend the Complaint, the Court should affirm the district court's order dismissing this action with prejudice.

## II.  STATEMENT OF THE CASE

### A.  The Driver's Privacy Protection Act

The DPPA is a federal statute governing the sale and resale of drivers' information. The DPPA was passed in 1994 as part of the Violent Crime Control and Law Enforcement Act of 1994. Following the murder of an actress in 1989 by a stalker who had obtained her unlisted home address through the California DMV, the DPPA was enacted for the purposes of protecting drivers from violent criminals, and abusive direct marketing and solicitation practices. *See Maracich v. Spears*, 570 U.S. 48, 57 (2013). As a criminal statute, there is a *mens rea* requirement: knowing obtainment, disclosure, or use of drivers' information for an improper purpose.

In contrast with suppressing knowing uses of drivers' information for an improper purpose, this Court has recognized that "[t]he totality of the legislative history clearly reflects that Congress did *not* intend to suppress legitimate business uses of motor vehicle records." *Taylor*, 612 F.3d at 336 (emphasis in original). As this Court observed, the sponsor of the DPPA in the House of Representatives explained:

> *Careful consideration was given to the common uses now made of this information* and great efforts were made *to ensure that those uses were allowed under this bill*. Among those who will continue to have unfettered access are federal and state governments and their contractors, for use in auto recalls, by businesses (such as an insurance company) to verify the accuracy of personal information submitted by a licensee, for use in any civil or criminal proceeding, in research activities, and in marketing activities as long as the individual has been given the opportunity to opt out.

*Id.* (quoting 1994 WL 212698 (Statement of Rep. Moran)) (emphasis in original). The DPPA expressly recognizes fourteen "permissible uses" for personal information obtained by a state department of motor vehicles in connection with a motor vehicle record. 18 U.S.C. § 2721(b). This includes "*[f]or use by any insurer or insurance support organization, in connection with claims investigation activities, antifraud activities, rating or underwriting.*" *Id.* at § 2721(b)(6) (emphasis supplied).

It is undisputed that the DPPA does *not* regulate the manner in which drivers' information covered under the statute is stored, handled, or maintained. This

contrasts with several other federal privacy statutes, such as HIPAA and associated regulations, which contain detailed provisions regulating the storage and transmission of health data—regardless of the purpose behind any such storage or transmission. *See, e.g.*, 45 C.F.R. § 160 *et seq.* (regulations regarding the HIPAA Security Rule).

Instead, the DPPA includes a narrow private right of action focused on a defendant's knowing use of data for an improper purpose. 18 U.S.C. § 2724(a). Remedies available to private plaintiffs include "actual damages, but not less than liquidated damages in the amount of $2,500," among other statutorily specified relief. 18 U.S.C. § 2724(b)(1).

### B. Factual Background

Vertafore provides software to insurance companies to assist them in giving quotes to individuals seeking automotive insurance, and Plaintiffs' Complaint concedes that "Vertafore is an insurance software company that provides enterprise software solutions, specifically management systems, content management and workflow, sales tools, compliance, rating, and comprehensive agency solutions." ROA.14.

The Complaint's allegations concern a data event that Vertafore disclosed on November 10, 2020 (the "Data Event"). ROA.14. Vertafore's press release regarding the Data Event ("Vertafore's Statement") is named and quoted in the

Complaint, and provides the basis for Plaintiffs' DPPA claim. ROA.14. Vertafore's

Statement acknowledged that:

> Vertafore takes data privacy and security very seriously. The company has safeguards to protect its information and systems with dedicated internal teams and partnerships with leading external firms. Vertafore recently determined that as a result of human error, **three data files were inadvertently stored in an unsecured external storage service** that appears to have been accessed without authorization.

> The files, which included driver information for licenses issued before February 2019, contained Texas driver license numbers, as well as names, dates of birth, addresses and vehicle registration histories. **They did not contain any Social Security numbers or financial account information. No information misuse has been identified.** No customer data nor any other data—including partner, vendor, or other supplier data—or systems hosted for them were impacted. Additionally, no Vertafore system vulnerabilities were identified.

> **Immediately upon becoming aware of the issue, Vertafore secured the potentially affected files** and has been investigating the event and the extent to which data may have been impacted. A leading consulting firm with expertise in these matters is assisting in the investigation, and Vertafore has reported the matter to the Texas Attorney General, Texas Department of Public Safety, Texas Department of Motor Vehicles and U.S. federal law enforcement. Vertafore is actively assisting law enforcement.

> In mid-August, Vertafore determined that, at some point between March 11 and August 1 of this year, there was potential unauthorized access to the three data files. **The files were maintained to support a specific product within Vertafore's insurance rating solutions** and contained Texas driver information for approximately 27.7 million people.

> **Vertafore immediately engaged a leading intelligence firm to search for evidence indicating potential misuse of this information in connection with this event.** Although **that firm did not find any evidence**, to be considerate of all Texas driver license recipients and out of an abundance of caution, Vertafore is offering them one year of

free credit monitoring and identity restoration services in recognition that these services offer valuable protection in other contexts beyond this event.

Vertafore has set up a dedicated website and call center with additional information about this event and the availability of the free services www.vertafore.kroll.com. The call center may be reached by calling 888-479-3560. Vertafore sincerely regrets any inconvenience this may cause.

ROA.112-114. (emphasis supplied).

Plaintiffs filed their Complaint against Vertafore 24 days later. ROA.12-19. Plaintiffs vaguely allege, without supporting factual detail, that Vertafore violated the DPPA, 18 U.S.C. § 2721, *et seq.*, by "knowingly disclos[ing] the Driver's License Information of Plaintiffs and approximately 27.7 million other Class members by storing that information on unsecured external servers." ROA.17-18. Plaintiffs further expressly allege, however, that disclosure occurred "[i]n response to the commands of unauthorized individuals." ROA.17-18.

### C.    Procedural History

Consistent with Rule 6(B) of District Judge Hanks's Court Procedures, Vertafore filed a Pre-Motion Conference Letter on January 19, 2021. *See* ROA.73-76. Vertafore's Letter identified the deficiencies in Plaintiffs' Complaint now at issue here—including that the Complaint failed to state a cognizable DPPA claim because "a civil violation of the DPPA here would require both a knowing and voluntary disclosure of driver's information for an improper purpose. Plaintiffs do not (and cannot) allege either." ROA.74. At a pre-motion conference with the

magistrate judge on January 21, 2021, Plaintiffs were given the opportunity to amend the Complaint. Plaintiffs declined. *See* ROA.234. (which confirms, "I extended an invitation to Plaintiffs to re-plead their claims before I entertained this motion to dismiss. Plaintiffs declined that invitation.").

As relevant here, Vertafore moved to dismiss Plaintiffs' lawsuit on January 29, 2021 under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs failed to state a claim upon which relief can be granted. Among other deficiencies, it was (and is) undisputed that Vertafore lawfully obtained the information for a permissible use, and the allegations in the Complaint do not show that Vertafore knowingly disclosed the information to others, much less for an improper purpose.

On June 14, 2021 the magistrate judge entered a Memorandum and Recommendation (the "Recommendation"), finding that Vertafore's Rule 12(b)(6) Motion to Dismiss should be granted. ROA.233-40. He noted, consistent with Fifth Circuit precedent, that "[t]he DPPA creates liability when three elements are met: (1) the defendant knowingly obtains, discloses[,] or uses personal information; (2) from a motor vehicle record; and (3) for a purpose not permitted." ROA.237. (citing *Taylor*, 612 F.3d at 335). The magistrate judge then closely examined Plaintiffs' allegations under the framework of *Taylor* and held:

> I see no factual allegation explaining the improper purpose of the purported impermissible disclosure. ***Plaintiffs clearly detail that "Vertafore is an insurance software company that provides enterprise software solutions" for***

> *the insurance industry. Thus, Vertafore's purpose of*
> *managing the affected data files is a covered permissible*
> *use under 18 U.S.C. § 2721(b)(6)*, which covers uses by
> "any insurer or insurance support organization or by a self-
> insured entity, or its agents, employees, or contractors, in
> connection with claims investigation activities, antifraud
> activities, rating or underwriting."

ROA.238-39. (emphasis supplied). "I have closely reviewed the Class Action Complaint for specific factual allegations demonstrating or suggesting that Vertafore knowingly disclosed Plaintiffs' personal information for an improper purpose. I see no such facts." ROA.238. After expressly noting that the Plaintiffs' Complaint also alleges that the Data Event occurred "'[i]n response to the commands of unauthorized individuals,'" and not Vertafore, the magistrate judge recommended dismissal of Plaintiffs' DPPA claim. *Id.*

Plaintiffs objected to the Recommendation on July 16, 2021. ROA.267-79. Because Plaintiffs did not allege that Vertafore *knowingly* disclosed their personal information *for an impermissible purpose*, the district judge (after conducting his own *de novo* review of the record and the magistrate judge's findings), adopted the Recommendation in full on July 26, 2021. ROA.301-02. Plaintiffs timely noticed this appeal. ROA.304-305.

## III.   SUMMARY OF THE ARGUMENT

Plaintiffs conceded below (and on appeal) that Vertafore had a permissible use for the drivers' information at issue here.  They complain instead about the purpose of unidentified third parties—not Vertafore.

In accordance with this Court's ruling in *Taylor*, the court below correctly held that Plaintiffs failed to state a cognizable DPPA claim against Vertafore because the DPPA requires Plaintiffs to allege that Vertafore both knowingly disclosed drivers' information and did so for an impermissible purpose.  *Taylor*, 612 F.3d at 335.  Plaintiffs did not (and cannot truthfully) make either allegation.

As shown by the magistrate judge's Recommendation and the district judge's rejection of Plaintiffs' same arguments that are being raised a third time on appeal, Plaintiffs' positions are unsupported by the allegations of the Complaint and fail the required federal pleading standards.  Accordingly, this Court should affirm the district court's order dismissing this action with prejudice.

## IV.   ARGUMENT

### A.   Standard of Review

The Court reviews *de novo* a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (affirming dismissal of complaint) (citation omitted).

To withstand a Rule 12(b)(6) motion, a plaintiff must proffer "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1034 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (ordering dismissal of complaint) (quoting *Ashcroft*, 556 U.S. at 678). When deciding a Rule 12(b)(6) motion, although a court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff," it is not "bound to accept as true a legal conclusion couched as a factual allegation." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (affirming dismissal of complaint) (internal quotations omitted).

Further, in ruling on a motion to dismiss, courts review "(1) the facts set forth in the complaint [and] (2) documents attached to [or referenced in] the complaint." *Id.* (affirming dismissal of complaint) (internal quotations and citations omitted). It is well established in the Fifth Circuit, pursuant to the incorporation-by-reference doctrine, that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *In re Sec. Litig. Bmc Software*, 183 F. Supp. 2d 860,

883 (S.D. Tex. 2001) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**B. The Court Should Affirm Dismissal Because Plaintiffs Failed to Allege that Vertafore had an Improper Purpose.**

The district court properly held that Plaintiffs' Complaint should be dismissed because Plaintiffs failed to plead the third required element of a DPPA claim: that Vertafore made a disclosure of their personal information "for a purpose not permitted" under 18 U.S.C. § 2721(b). *Taylor*, 612 F.3d at 335. Indeed, this Court held "[t]he plain meaning of the third factor is that it is ***only*** satisfied if shown that obtainment, disclosure, or use was not for a purpose enumerated under § 2721(b)." *Id.* (emphasis in original).

Here, the Complaint shows that Vertafore's only reason for allegedly "obtaining, using or disclosing" the data was for the purpose of Vertafore's insurance rating support business—which is explicitly permitted under 18 U.S.C. § 2721(b)(6). Plaintiffs allege that "Vertafore is an insurance software company that provides enterprise software solutions, specifically management systems, content management and workflow, sales tools, compliance, rating and comprehensive agency solutions." ROA.14. Paragraph 27 of the Complaint acknowledges the DPPA's permissible purposes. ROA.17. As such, ***Plaintiffs*** "***do not dispute that***

***Vertafore's reason for obtaining*** [Plaintiffs' and class members'] ***information was for a permissible use under § 2721(b)(6)***." Pl. Br. at 17 (emphasis supplied).

Accordingly, the Complaint fails, as it does not plead the third essential element of a DPPA claim. *See Taylor*, 612 F.3d at 335. Plaintiffs want to ignore this gaping hole in their Complaint. For a potentially viable claim, *Vertafore* needed to *have a purpose* that was *not permitted under DPPA*. Instead, Plaintiffs merely assert that Vertafore violated the DPPA when it "knowingly disclosed the Driver's License Information of Plaintiffs and approximately 27.7 million other Class members by storing that information on unsecured external servers." ROA.17-18. This is only an allegation of *what* Vertafore did—without any allegation that Vertafore had an improper purpose. There is no allegation of any improper *why* any action was taken by Vertafore.

The court below meticulously analyzed the allegations of the Complaint, and found that Plaintiffs failed to plead a viable claim because of this crucial omission. ROA.239. ("In sum, I find that Plaintiffs' allegation that Vertafore knowingly disclosed their personal information for an improper purpose is nothing more than a conclusory allegation or legal conclusion masquerading as a factual conclusion.") (citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

to prevent dismissal under Rule 12(b)(6)")).  The Recommendation identified multiple related pleading deficiencies:

- *"Notably absent … is any factual allegation* describing how [Vertafore's] purported mismanagement of information amounts to a *knowing disclosure* of personal information *for an improper purpose* [under the DPPA]." ROA.238. (emphasis supplied).

- The Complaint asserts that: (1) Vertafore "stored the data on servers under Vertafore's control, meaning the data was never actually knowingly disclosed to anyone outside of Vertafore" and (2) "anyone that obtained the data did so in an unauthorized manner." ROA.238; ROA.18. This "undercuts the notion that Vertafore knowingly disclosed the data to those unauthorized individuals for any specific purpose." ROA.238.

- The Complaint *fails to provide any "factual allegation explaining the improper purpose* of [Vertafore's] purported impermissible disclosure." ROA.238. (emphasis supplied). *Plaintiffs' allegations instead show* that "*Vertafore's purpose* of managing the affected data files *is a covered permissible use* under 18 U.S.C. §2721(b)(6)." ROA.239. (emphasis supplied).

Plaintiffs contend that the district court "conflated Vertafore's purpose for obtaining the information with its purpose for disclosing the information." Pl. Br. at 16. Plaintiffs' arguments are without merit, and ignore the Complaint's factual allegations: The Complaint alleges that *third-party* "criminals" or "*unauthorized* individuals" had an improper purpose—not Vertafore. ROA.12-15. (emphasis supplied). At oral argument, Plaintiffs highlighted to the Court actions taken by unauthorized third parties in purported violation of the DPPA, not Vertafore. *See* ROA.335. Pleading that third parties had an improper purpose does not satisfy

Plaintiffs' obligation to allege that **Vertafore** had an improper purpose.  *See Taylor*, 612 F.3d at 335.

Plaintiffs ignore numerous cases where DPPA claims were dismissed by district courts within the Fifth Circuit for failure to allege that the defendant knowingly used, obtained, or disclosed information protected under the statute for an impermissible purpose.  For example, in *Taylor v. Acxiom Corp.*, the district court found that plaintiffs' "factual allegations do not give rise to a plausible right to relief under the DPPA."  No. 2:07-cv-0001, 2008 U.S. Dist. LEXIS 115940, at *25-26 (E.D. Tex. Sep. 8, 2009), *aff'd* 612 F.3d 325, *cert denied* 562 U.S. 1169 (citation omitted).  This was because "[p]laintiffs have failed to plead any facts alleging that Defendants obtained or used their information *for a purpose not permitted* under the Act."  *Id.* (emphasis in original).  Similarly, in *Budri v. FirstFleet Inc.*, a DPPA claim was dismissed under Rule 12(b)(6) in part because plaintiff "provide[d] no factual allegations showing that any information was obtained, disclosed, or used *for an impermissible purpose*."  No. 3:19-cv-0409, 2019 U.S. Dist. LEXIS 188251, at *40 (N.D. Tex. Sep. 20, 2019) (holding that "[b]ecause Plaintiff's allegations fail to state a claim for relief that is plausible on its face under the DPPA, this claim should also be dismissed.") (emphasis supplied).

No case supports Plaintiffs, given their allegations that only individuals unauthorized by Vertafore acted with an improper purpose.  The out of circuit cases

to which Plaintiffs resort are readily distinguishable, as all involved allegations that the defendants' disclosure was done at least in part for an impermissible purpose under the DPPA.  *See Pichler v. UNITE*, 542 F.3d 380 (3d Cir. 2008) (union members violated the DPPA when they used license plate numbers on cars found in employers' parking lots to access drivers' information for the purpose of soliciting new members); *Gordon v. Softech Int'l Inc.*, No. 10-cv-5162, 2011 U.S. Dist. LEXIS 46992 (S.D.N.Y. Apr. 28, 2011) (company violated DPPA by reselling drivers' information to end user who did not have a permissible purpose for obtaining or using the data); *Wiles v. Southwestern Bell Tel. Co.*, No. 09-cv-4236, 2010 U.S. Dist. LEXIS 36364 (W.D. Mo. Apr. 13, 2010) (company violated DPPA by obtaining drivers' information for "impermissible commercial and profit purposes").  None of Plaintiffs' cited cases involved a complaint alleging (1) a permissible purpose by the defendant and (2) that the only individuals acting knowingly with an improper purpose were unauthorized by the defendant.

Moreover, when looking out of circuit, Plaintiffs ignore well-reasoned cases that also support dismissal of their Complaint.  For example, cases that recognize that "to be liable a defendant must obtain, disclose, or use personal information, ***knowing that it is for a purpose other than one of the permissible purposes***." *Kiminski v. Hunt*, No. 13-cv-185, 2013 U.S. Dist. LEXIS 157829, at *15 (D. Minn.

Sep. 20, 2013) (analyzing text of § 2724(a) and other DPPA precedent) (emphasis supplied).

For all of these reasons, the district court's decision should be affirmed by this Court. *See Taylor*, 612 F.3d at 335.

> **C.** **The Court Should Affirm Dismissal for the Independent Reason That Plaintiffs Do Not Adequately Allege That Vertafore "Knowingly Disclosed" Information Protected Under the DPPA.**

The district court also found that the Complaint failed to adequately allege the first element of a DPPA claim, that "the defendant ***knowingly*** obtains, discloses[,] or uses personal information" for an impermissible purpose. ROA.237. (emphasis supplied) (citing *Taylor*, 612 F.3d at 335). Under the facts alleged by Plaintiffs, however, this "knowingly" element is not met by a Vertafore employee's inadvertent and temporary storage of data files on a third-party server as part of Vertafore's insurance support business. ROA.14-15. The court below agreed. ROA.238.

Plaintiffs also misconstrue the elements of a DPPA claim by attempting to separate the term "knowingly" from the phrase "improper purpose." *See* 18 U.S.C. § 2724(a). Put another way, Plaintiffs seek to apply the "knowingly" element merely to an act of disclosure, without examination as to whether that disclosure was knowingly effectuated for an improper purpose. Such a reading of the DPPA is inconsistent with its purposes, and is not supported by any precedent from this Court. *See Taylor*, 612 F.3d at 335.

An inadvertent act, as alleged here, is not "knowingly" done in any sense of the word. Plaintiffs nowhere allege that Vertafore acted knowingly to store the data on an unsecured server for some reason independent of Vertafore's insurance support business. To the contrary, Plaintiffs undermine their own conclusory allegations by including, as their sole factual enhancement, that *third-parties* effected the disclosure. ROA.18 ("[i]n response to the commands of unauthorized individuals and consistent with the manner in which they were programmed and configured by Vertafore, the unsecure servers disclosed Plaintiffs' and Class members' Driver's License Information to the unauthorized individuals.").

Assessing those allegations, the district court noted that the Complaint makes clear that: (1) Vertafore "stored the data on servers under Vertafore's control, meaning the data was never actually knowingly disclosed to anyone outside of Vertafore" and (2) "anyone that obtained the data did so in an unauthorized manner." ROA.238; ROA.18. Thus, the court below rightly held that Plaintiffs themselves "undercut the notion that Vertafore knowingly disclosed the data to those unauthorized individuals for any specific purpose." ROA.238. On this basis, and in the absence of any other factual allegations, the court below correctly held that "[i]n sum, I find that ***Plaintiffs' allegation that Vertafore knowingly disclosed their personal information for an improper purpose is nothing more than a conclusory***

*allegation or legal conclusion masquerading as a factual conclusion*." ROA.239. (emphasis supplied); *see also Walker*, 938 F.3d at 735.

Also, as noted above, the narrow private cause of action under the DPPA does *not* apply to claimed negligent conduct. And, unlike HIPAA, the DPPA does not regulate how data is stored or maintained by the defendant. For example, in *Kiminski, supra*, the court dismissed plaintiff's DPPA claim after contrasting the DPPA's "circumscribed" private right of action with a comparable provision of the Internal Revenue Code ("IRC") which "explicitly allows for a civil action for knowing *or negligent* disclosures of confidential information." 2013 U.S. Dist. LEXIS 157829, at *24 (quoting 26 U.S.C. § 7431(a)) (emphasis supplied). The court held that this distinction showed "congressional intent about the knowledge requirement for the DPPA [private right of action]," which "may not be stretched to the point of rewriting it" such that it would impose liability on individuals who acted in a "negligent manner."[1]  *Id.* at *23-24. This analysis of the DPPA is consistent

---

[1] *Kiminski* relied on a plain reading of the DPPA, but this approach is also consistent with this Court's comment in *Taylor* that "[18 U.S.C. 2723(a) makes knowing violation of the DPPA a crime, and accordingly <u>to the extent that violation of the DPPA is at issue in even a civil case, to the extent of ultimate ambiguity in the statute's meaning it must be construed under the rule of lenity</u>." 612 F.3d at 332 n.5 (emphasis supplied). *See also United States v. Kaluza*, 780 F.3d 647, 669 (5th Cir. 2015) (quotations omitted) ("The rule of lenity requires ambiguous criminal laws to be <u>interpreted in favor of the defendants</u> subjected to them. The rule vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed.") (emphasis supplied).

with its purpose, and with the Fifth Circuit's practice of "interpreting statutes, [in which] this Court begins with the text of the statute." *Id.*

In short, the DPPA's narrow private right of action does not extend to unintentional, inadvertent data events, such as the one here. A defendant cannot, as a matter of law, violate the DPPA absent a knowing and voluntary disclosure of drivers' information for an improper purpose. *See, e.g.*, *Gulsvig v. Mille Lacs County*, No. 13-cv-1309, 2014 U.S. Dist. LEXIS 43951, at *19 (D. Minn. Mar. 31, 2014) (noting that the *mens rea* requirement the DPPA requires as a precondition for liability is "'knowingly,' not negligence," and "*nothing in the Act suggests that the Act imposes a reasonable duty of care to safeguard information subject to the Act.*") (emphasis supplied); *see also Enslin v. Coca-Cola Co.*, 136 F. Supp. 3d 654, 671 (E.D. Pa. 2015) ("privately holding [drivers' information], even in an unsecured manner, does not constitute a 'voluntary disclosure' under the DPPA").

Again, the out of circuit cases upon which Plaintiffs rely are inapposite because they involved knowing and voluntary disclosures to third parties. *See Dahlstrom v. Sun-Times Media, LLC*, 346 F. Supp. 3d 1162 (N.D. Ill. 2018) (newspaper published drivers' information it had received in violation of the DPPA); *Senne v. Vill. of Palatine*, 695 F.3d 597 (7th Cir. 2012) (police purposefully placing drivers' license information on windshields for vehicles parked in public roadway overnight, in plain view of individuals walking by, was a knowing disclosure of that

21

information); *Pichler v. UNITE*, 542 F.3d 380 (3d Cir. 2008) (union members violated the DPPA when they used license plate numbers on cars found in employer's parking lots to access drivers' information for the purpose of soliciting member support). By contrast, Vertafore's conduct as alleged in the Complaint is the equivalent of moving stored information from a locked cabinet to an unlocked cabinet. Unauthorized third parties, however, would still have to access that cabinet to obtain such information—a scenario several degrees of separation removed from the disclosure at issue in *Senne*, for example. *See* 695 F.3d 597.

Plaintiffs' final argument regarding the term "knowingly" is a red herring. Plaintiffs manufacture and then spar with a strawman, as Vertafore is not relying on an ignorance of the law defense. *See, e.g.*, *Sistrunk v. TitleMax, Inc.*, No. 5:14-cv-628, 2017 U.S. Dist. LEXIS 131241, *18, 32 (W.D. Tex. Aug. 17, 2017) (the court commented that it "cannot conclude that the DPPA imposes liability only when an individual knows his conduct violates the law," but also noting that "Plaintiff must establish that the Defendant procured the information with an eye toward intentional, unlawful use."), *vacated by Sistrunk v. TitleMax, Inc.*, No. 14-cv-628, 2018 U.S. Dist. LEXIS 64589, at *12 (W.D. Tex. Feb. 22, 2018).[2] Ignorance of the law is simply not an issue here. *See* ROA.337. (Vertafore's counsel: "Defendant had to

---

[2] Furthermore, in the Fifth Circuit, a vacated decision has no precedential weight. *See, e.g.*, *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993).

knowingly act with an improper purpose. They didn't have to know it was legal. Knowledge of the law, ignorance of the law is not what we're arguing here.").

For these additional reasons, the Court should affirm the district court's dismissal of Plaintiffs' DPPA claim.

**D.    The District Court Appropriately Applied the Standards for a Motion to Dismiss.**

In a final attempt to avoid dismissal, Plaintiffs argue that the district court erred by "failing to make reasonable inferences in favor of [Plaintiffs]" and by relying upon Vertafore's Statement, which Plaintiffs claim was not meaningfully incorporated into their Complaint. Pl. Br. at 9; *see Walker*, 938 F.3d at 735.

First, as made clear above, the district court provided more than sufficient independent bases for dismissing the Complaint before turning to Vertafore's Statement. ROA.237-39. For instance, the court evaluated closely Plaintiffs' allegations in the Complaint's Paragraphs 28-33, where Plaintiffs established that the only disclosure was effected by "unauthorized individuals." ROA.238. As a result, the district court did not need to, and did not, rely on Vertafore's Statement for the dismissal. Plaintiffs' voluntary incorporation of Vertafore's Statement only provided the district court with further support for its holding.

Plaintiffs' argument about Vertafore's Statement is particularly surprising, because Plaintiffs chose to quote it in Paragraph 12 of the Complaint: "Vertafore recently determined that ***as a result of human error, three data files were***

*inadvertently stored* in an unsecured external storage service that appears to have been accessed without authorization." ROA.14. (emphasis supplied). As such, the district court could properly consider the press release in its entirety for purposes of ruling on Vertafore's motion to dismiss. *See In re Sec. Litig. Bmc Software*, 183 F. Supp. 2d at 883 (citing *Collins*, 224 F.3d at 498-99).

Further, at the April 21, 2021 hearing on Vertafore's motion to dismiss, Plaintiffs also requested that the district court consider Vertafore's Statement. ROA.14; ROA.330. (The Court: "Help me out, Mr. Barnow. Tell me where in the Complaint are there any facts about (indiscernible) knowing the situation. Where would I look at, in the Complaint, to find a knowing disclosure?" Mr. Barnow: "***Not only in the Complaint, Your Honor, but also in their Notice***.") (emphasis supplied). Plaintiffs' counsel also acknowledged that Vertafore's Statement could be considered as part of the Motion to Dismiss. ROA.331. (The Court: "that statement [that Vertafore issued] is referenced in the complaint . . . it can be considered as part of the Motion to Dismiss." Plaintiffs' counsel: "Okay, fair enough.").

Moreover, Plaintiffs' authority for not relying on Vertafore's Statement is distinguishable. Plaintiffs only cite cases where the incorporated extrinsic materials were contradicted by—rather than consistent with—the allegations of the Complaint. *See, e.g.*, *Bosarge*, 796 F.3d at 440-41 (in §1983 lawsuit, Court did not accept allegations in police affidavits as true where they conflicted with the

plaintiff's allegations). Here, Vertafore's Statement served as the basis for Plaintiffs' Complaint, and Plaintiffs include no allegation contradicting its assertion that drivers' data inadvertently was stored in an unsecured location.

Lastly, Plaintiffs curiously fault the district court for failing to make factual inferences that are contradicted by the pleadings. It is well established, however, that the Court need only consider reasonable inferences that are derived from the actually made factual allegations, and allegations supported by appropriate "factual enhancement." *Walker*, 938 F.3d at 735. Inferences that are implausible (and that are contradicted by the actual allegations) need not be considered. *Id*.

For instance, Plaintiffs complain that they ought to be afforded reasonable inferences about Vertafore's state of mind regarding what the Complaint itself alleges was "human error" that was "inadvertent[]." ROA.14. Plaintiffs, however, have provided no plausible factual basis to infer that Vertafore had any reason to knowingly expose drivers' license data in a manner that could allow cybercriminals access to that data. *See generally* ROA.12-19. The inference Plaintiffs request—that Vertafore knowingly exposed data to cybercriminals—is unreasonable, implausible, and finds no factual support in their Complaint. *See, e.g.*, *Johnson v. Affiliated Computer Servs.*, No. 10-cv-2333, 2011 U.S. Dist. LEXIS 102128, *13-14 (N.D. Tex. Sept. 9, 2011).

The court below closely parsed each of Plaintiffs' allegations. Those allegations establish only that unauthorized third party individuals caused a disclosure, and that only those third parties had an improper purpose. The Complaint's allegations bear only one reasonable interpretation. The temporary storage on the publicly accessible servers was inadvertent and done for a proper purpose as part of Vertafore's insurance support business. Under well-established pleading standards, the court is not allowed to engage in the extreme mental gymnastics Plaintiffs now request. *See, e.g.*, *Bosarge*, 796 F.3d at 439.

Finally, because Plaintiffs declined an opportunity to amend after they had notice of the bases for Vertafore's motion to dismiss, Plaintiffs' assertion that the district court erred by not giving Plaintiffs leave to amend their Complaint is misplaced. *See* Pl. Br. at 4 n.1. Further, because Plaintiffs only mention this point in a footnote, that argument is waived, and should be disregarded. *See OOGC Am., L.L.C. v. Chesapeake Expl., L.L.C.*, 975 F.3d 449, 456 n.10 (5th Cir. 2020) (quotation omitted) ("arguments raised in a perfunctory manner, such as in a footnote, are waived."). The district court's dismissal with prejudice of the Complaint under Federal Rule of Civil Procedure 12(b)(6) should be affirmed.

## V.     <u>**CONCLUSION**</u>

For all of these reasons, and in the interests of justice, this Court should affirm the district court's order granting Vertafore's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*/s/ Damond R. Mace*
Damond R. Mace, Lead Counsel
Kristin L. Bryan
Marissa Black
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Tel.:  +1 216 479 8500
Fax:  +1 216 479 8780
damond.mace@squirepb.com
kristin.bryan@squirepb.com
marissa.black@squirepb.com

Rafael M. Langer-Osuna
275 Battery Street, Suite 2600
San Francisco, California  94111
Tel.: +1 415 954 0200
Fax: +1 415 393 9887
rafael.langerosuna@squirepb.com

Amanda Dodds Price
6200 Chase Tower 600 Travis Street
Houston, Texas 77002
Tel.:  +1 713 546 5850
Fax:  +1 713 546 5830
amanda.price@squirepb.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, the foregoing document was electronically filed with the Clerk of the Court using the ECF system, which sent notifications of such filing to:

Cory S. Fein
Cory Fein Law Firm
712 Main Street, Suite 800
Houston, Texas 77002
Tel.: + 281 254 7717
cory@coryfeinlaw.com

Ben Barnow
Barnow and Associates, P.C.
205 West Randolph Street, Suite 1630
Chicago, Illinois 60606
Tel.: +1 312 621 2000
b.barnow@barnowlaw.com

Benjamin F. Johns
Samantha E. Holbrook
Alex M. Kashurba
Chimicles Schwartz Kriner &
Donaldson-Smith LLP
One Haverford Centre
361 Lancaster Avenue
Haverford, Pennsylvania 19041
Tel.: +1 610 642 8500
bfj@chimicles.com
seh@chimicles.com
amk@chimicles.com


*/s/ Damond R. Mace*
Damond R. Mace

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fifth Cir. R. 32.2, this document contains 6,080 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in 14-point, proportionately spaced, Times New Roman font, using Microsoft Word 2016.

*/s/ Damond R. Mace*
Damond R. Mace

COUNSEL FOR DEFENDANT
VERTAFORE, INC.