Appeal No. 21-20404

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

DEREK ALLEN; LEANDRE BISHOP; JOHN BURNS,

Plaintiffs-Appellants,

v.

VERTAFORE, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
Case No. 20-cv-04139
The Honorable George C. Hanks

REPLY BRIEF OF PLAINTIFFS-APPELLANTS

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com

*Counsel for Plaintiffs-Appellants*
(additional counsel listed on signature page)

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................i

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION ........................................................................................1

ARGUMENT ...............................................................................................2

    I.       The DPPA Does Not Require Plaintiffs to Allege an "Improper Purpose." Appellants Adequately Allege that Vertafore's Disclosure Was Not for a Permissible Purpose ..................................................................................2

    II.      Vertafore Knowingly Disclosed Appellants' and Class Members' Personal Information. ................................................................................4

    III.   The District Court Failed to Make Reasonable Inferences in Appellants' Favor by Relying on Vertafore's Statement. ...............................................7

CONCLUSION ............................................................................................8

# **TABLE OF AUTHORITIES**

Cases

*Bosarge v. Miss. Bureau of Narcotics*,
 796 F.3d 435 (5th Cir. 2015) ...................................................................................8

*Budri v. FirstFleet Inc.*,
 2019 U.S. Dist. LEXIS 188251 (N.D. Tex. Sep. 20, 2019)..................................3

*Dahlstrom v. Sun-Times Media, LLC*,
 346 F. Supp. 3d 1162 (N.D. Ill. 2018) ....................................................................4

*Gulsvig v. Mille Lacs Cty.*,
 2014 U.S. Dist. LEXIS 43951 (D. Minn. Mar. 31, 2014) .....................................5

*In re Sec. Litig. BMC Software*,
 183 F. Supp. 2d 860 (S.D. Tex. 2001) ....................................................................8

*Kiminski v. Hunt*,
 2013 U.S. Dist. LEXIS 157829 (D. Minn. Sep. 20, 2013) ...................................5

*Pichler v. Unite*,
 542 F.3d 380 (3d Cir. 2008)....................................................................................4

*Senne v. Vill. of Palatine*,
 695 F.3d 597 (7th Cir. 2012) ...........................................................................4, 5, 6

*Sistrunk v. TitleMax, Inc.*,
 2017 U.S. Dist. LEXIS 131241 (W.D. Tex. Aug. 17, 2017)................................4

*Taylor v. Acxiom Corp.*,
 2008 U.S. Dist. LEXIS 115940 (E.D. Tex. Sep. 8, 2009) ....................................3

*Taylor v. Acxiom Corp.*,
 612 F.3d 325 (5th Cir. 2010) ..........................................................................1, 2, 4

*Wiles v. Worldwide Info., Inc.*,
 809 F. Supp. 2d 1059 (W.D. Mo. 2011) ...............................................................4

Statutes

18 U.S.C. § 2721, *et seq.*..............................................................................1, 2, 4, 5

**INTRODUCTION**

Consistent with the framework provided by *Taylor v. Acxiom Corp.*, 612 F.3d 325 (5th Cir. 2010), Appellants' Complaint alleges that Vertafore knowingly disclosed personal information from motor vehicle records (including Texas driver's license numbers, names, birth dates, addresses, and vehicle registration history) for a purpose other than the purposes permitted by 18 U.S.C. § 2721(b) by placing the information on an unsecured external storage service. ROA.14. The servers, consistent with the way they were programmed, then transferred Appellants' and Class Members' Driver's License Information to unknown, unauthorized third parties. ROA.18.

Faced with these facts, Vertafore ignores that Appellants' allegations concern its unlawful disclosure of this personal information and instead artfully emphasizes Vertafore's permitted but irrelevant obtainment and use of the personal information. *See e.g.,* Appellee's Br. at 2, 5. Vertafore urges the Court to accept a misinterpretation of the DPPA by arguing that Appellants were required to allege an "impermissible purpose," when the plain language of the statute makes clear that any knowing obtainment, use, or disclosure of personal information from a motor vehicle record is a violation unless it is among the enumerated permitted uses. Finally, Vertafore insists that its self-serving statements from its press release concerning the disclosure should be taken as true simply because portions of the

press release that conflict with Appellants' allegations are cited in the Complaint. Vertafore is wrong on each of their positions.

For these reasons and the reasons stated in Appellants' Brief, the district court's order and judgment should be reversed.

## ARGUMENT

I. **The DPPA Does Not Require Plaintiffs to Allege an "Improper Purpose." Appellants Adequately Allege that Vertafore's Disclosure Was Not for a Permissible Purpose.**

The DPPA lists 14 specific permissible uses for which personal driver information can be used. 18 U.S.C. § 2721(b). A showing that the obtainment, disclosure, or use was "not for a purpose enumerated under § 2721(b)" satisfies this element of the DPPA cause of action. *Taylor*, 612 F.3d at 335. Appellants allege that Vertafore disclosed driver information to unknown and unauthorized individuals. ROA.18. This disclosure was not made pursuant to a permissible purpose enumerated by § 2721(b). The fact that Vertafore had a permissible purpose for obtaining or using the information in other ways is irrelevant—none of the 14 exceptions listed in § 2721(b) can be construed to allow for the indiscriminate disclosure of information to a third party. Vertafore has not identified any permissible purpose for its disclosure because none exists.

The cases Vertafore relies upon are clearly distinguishable. In *Taylor v. Acxiom Corp.*, the plaintiffs alleged that the obtainment of a database containing

motor vehicle record personal information was impermissible when the defendants did not immediately use all of the included data (and instead used it as needed and only in connection with permissible purposes). *Taylor v. Acxiom Corp.*, No. 2:07-cv-0001, 2008 U.S. Dist. LEXIS 115940, at *25-26 (E.D. Tex. Sep. 8, 2009), *aff'd* 612 F.3d 325, *cert denied* 562 U.S. 1169. *Taylor* thus concerned whether a party with a permissible use for motor vehicle records could obtain records in one transaction or whether it must obtain records individually, as needed. In the case before the Court, Vertafore had no permissible purpose for disclosing any of the personal information that it disclosed to unknown and unauthorized third parties. *Budri v. FirstFleet Inc.* is even more factually dissimilar. In *Budri*, the *pro se* plaintiff alleged that his employer obtained personal information about him but did "not identify what this information was, or provide any facts showing that it was personal information from a driving record that was obtained from a state DMV." *Budri v. FirstFleet Inc.*, Civil Action No. 3:19-CV-0409-N-BH, 2019 U.S. Dist. LEXIS 188251, at *39-40 (N.D. Tex. Sep. 20, 2019). Neither of these cases support Vertafore's position.

Appellants adequately allege that Vertafore lacked a permissible purpose for the disclosure.

## II. Vertafore Knowingly Disclosed Appellants' and Class Members' Personal Information.

In order to allege a cause of action pursuant to the DPPA, a plaintiff must allege a party knowingly obtained, disclosed, or used the plaintiff's personal information. 18 U.S.C. § 2724(a); *see also Taylor*, 612 F.3d at 335. Appellants allege that Vertafore "knowingly disclosed" Appellants' and Class Members' information "by storing that information on unsecured external servers" and that "[i]n response to the commands of unauthorized individuals and consistent with the manner in which they were programmed and configured by Vertafore, the unsecure servers disclosed Plaintiffs' and Class Members' Driver's License Information to the unauthorized individuals." ROA.17–18. Vertafore stored the personal information on a system it controlled, programmed, and configured to disclose the personal information to anyone who requested it. Vertafore ignores this allegation and instead argues that Appellants must allege that Vertafore knowingly disclosed the personal information and also knew that the disclosure was for an "improper purpose." Appellee's Brief at 18.

Vertafore's illogical leap is unsupported by the plain text and structure of the DPPA and inconsistent with the decisions of many courts that have considered this question. *See, e.g., Senne v. Vill. Of Palatine*, 695 F.3d 597, 603 (7th Cir. 2012); *Pichler v. Unite*, 542 F.3d 380, 396–397 (3d Cir. 2008); *Dahlstrom v. Sun-Times Media, LLC*, 346 F. Supp. 3d 1162, 1170 (N.D. Ill. 2018); *Wiles v. Worldwide Info.,*

4

*Inc.*, 809 F. Supp. 2d 1059, 1080 (W.D. Mo. 2011); *Sistrunk v. TitleMax, Inc.*, No. 5:14-CV-628-RP, 2017 U.S. Dist. LEXIS 131241, at *31 (W.D. Tex. Aug. 17, 2017) (subsequently vacated as part of a settlement).

Instead, what the DPPA requires is voluntary action, not knowledge of illegality. *Senne*, 695 F.3d at 603 ("[v]oluntary action, not knowledge of illegality or potential consequences, is sufficient to satisfy the *mens rea* element of the DPPA.").

Notwithstanding Vertafore's assertion to the contrary, Appellants did not allege that the storage of Appellants' and Class Members' information on the server was inadvertent. The word "inadvertent" appears once in Appellants' Complaint—in a paragraph quoting Vertafore's notice and prefacing it with "Vertafore's notice provided." ROA.14.

Appellants do not contend either that Vertafore's conduct was negligent or that the DPPA applies to negligent conduct. *Kiminski v. Hunt* and *Gulsvig v. Mille Lacs County* are inapposite. In *Kiminski*, the court held that "any individual law enforcement officer who knowingly obtains, discloses, or uses protected information for an impermissible purpose may be liable under 18 U.S.C. § 2724. But the provision may not be stretched to the point of rewriting it so it reaches others at a state agency who gave the officer database access for a legitimate purpose, merely because they did so in a negligent manner." *Kiminski v. Hunt*, No. 13-185

(JNE/TNL), 2013 U.S. Dist. LEXIS 157829, at *24 (D. Minn. Sep. 20, 2013). In *Gulsvig*, the plaintiffs alleged negligent conduct as the basis for a DPPA claim. *Gulsvig v. Mille Lacs Cty.*, No. 13-1309 (JRT/LIB), 2014 U.S. Dist. LEXIS 43951, at *8 (D. Minn. Mar. 31, 2014) (Plaintiffs "allege that the Commissioner Defendants 'have been grossly negligent in supervising subordinates responsible for implementing a database that prevents unauthorized access to private, personal information . . . [and] responsible for proper use of the DVS database, . . . failed to monitor and prevent unauthorized access to private, personal information. . .'"). The case before the Court contains no allegation of negligent conduct.

Vertafore's disclosure of Appellants' and Class Members' information is akin to the disclosure of personal information in *Senne*. Vertafore's attempt to distinguish *Senne* on the basis that the police officers in *Senne* purposefully placed the tickets on the windshields fails. In this case, Appellants allege that Vertafore knowingly placed the information onto a server that was readily accessible to the public—which is no different than the officers in *Senne* placing tickets on windshields. Here the pool of Appellants' and Class Members' protected information was there for anyone to grab in the face of a cybersecurity reality well known, as alleged, to Vertafore. ROA.14–18.

Vertafore further contends that the conduct alleged in the Complaint is "the equivalent of moving stored information from a locked cabinet to an unlocked

cabinet." Appellee's Br. at 22. This analogy is inapt because the "unlocked cabinet" suggests some degree of protection from the public view. Instead, Appellants' allegations are equivalent to moving stored information from a locked cabinet to a public sidewalk where it can be viewed by anyone—precisely the conduct at issue in *Senne*.

### III. The District Court Failed to Make Reasonable Inferences in Appellants' Favor by Relying on Vertafore's Statement.

Vertafore argues that its entire self-serving press release is entitled to a presumption of truth simply because Appellants cited it in their Complaint. That is incorrect. Plaintiffs only alleged that Vertafore issued the press release; they never alleged that all statements in the press release were true. Vertafore's only attempt to distinguish *Bosarge v. Miss. Bureau of Narcotics*, is its bare assertion that Vertafore's self-serving press release is not inconsistent with Appellants' allegations.

It is clear that Appellants' allegations in their Complaint are directly contrary to the self-serving language in Vertafore's press release. Appellants pleaded, "Vertafore knowingly disclosed the Driver's License Information of Plaintiffs and approximately 27.7 million other Class Members by storing that information on unsecured servers" and that "[i]n response to the commands of unauthorized individuals and consistent with the manner in which they were programmed and configured by Vertafore, the unsecure servers disclosed Plaintiffs' and Class

7

Members' Driver's License Information to the unauthorized individuals." ROA.17–18. Appellants do not allege that Vertafore's disclosure was "inadvertent."

The authority Vertafore relies on is for its position inapposite. *In re Sec. Litig. BMC Software* is a securities case brought pursuant to PSLRA wherein the plaintiffs argued that because they did not attach or name many of the SEC filings on which their allegations are based, that the defendants cannot use those filings to test Plaintiffs' allegations." 183 F. Supp. 2d 860, 883 (S.D. Tex. 2001). The issue presented by the case at bar is whether Vertafore's self-serving statements, when contrary to the allegations of the Complaint, are entitled to a presumption of truth in considering a motion to dismiss. They are not. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435 (5th Cir. 2015).

## CONCLUSION

For the reasons set forth above and in Appellants' opening brief, the final order and judgment of the district court should be reversed.

Dated: November 19, 2021    Respectfully submitted,

*/s/ Ben Barnow*
Ben Barnow
BARNOW AND ASSOCIATES, P.C.
205 W. Randolph Street, Suite 1630
Chicago, Illinois 60606
Tel: (312) 621-2000
b.barnow@barnowlaw.com

Benjamin F. Johns
Samantha E. Holbrook
Alex M. Kashurba
CHIMICLES SCHWARTZ KRINER
  & DONALDSON-SMITH LLP
One Haverford Center
361 Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
bfj@chimicles.com
seh@chimicles.com
amk@chimicles.com

Cory S. Fein
CORY FEIN LAW FIRM
712 Main Street, Suite 800
Houston, TX 77002
Tel: (281) 254-7717
cory@coryfeinlaw.com

*Counsel for Plaintiffs-Appellants*

# **CERTIFICATE OF SERVICE**

I certify that on November 19, 2021, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States Circuit Court for the Fifth Circuit's Procedures for Electronic Filing.

*/s/ Ben Barnow*
Ben Barnow

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,714 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Ben Barnow*
Ben Barnow